1  Todd Christopher Atkins (CA Bar No. 208879)
2  tatkins@siprut.com
   SIPRUT PC
3  701 B Street, Suite 1170
   San Diego, CA 92101
4  619.255.2380

5  Joseph J. Siprut (pro hac vice application to be filed)
6  jsiprut@siprut.com
   SIPRUT PC
7  17 North State Street, Suite 1600
   Chicago, IL 60602
8  312.236.0000

9  *Attorneys for Plaintiff Red Pine Point LLC*

10

11            UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| Red Pine Point LLC, | Case No. |
| Plaintiff, | **Complaint for Patent Infringement** |
| v. | |
| VUDU, Inc. and Magnolia Pictures LLC, | |
| Defendants. | |

20

21        Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its

22  Complaint against Defendant VUDU, Inc. ("VUDU" or "Defendant") and Magnolia Pictures

23  LLC ("Magnolia" or "Defendant"), states as follows:

24                        **NATURE OF THE ACTION**

25

26        1.    This is a patent-infringement action by Red Pine against VUDU, an online

27  retailer, and Magnolia, a movie distributor. As detailed below, Red Pine has been harmed by

28  VUDU's and Magnolia's unlawful use of Red Pine's patents for commercial purposes.

Complaint for Patent Infringement

## JURISDICTION AND VENUE

2.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court may exercise personal jurisdiction over VUDU and Magnolia pursuant to the California long-arm statute. VUDU and Magnolia conduct continuous and systematic business in California and this District. For example, VUDU offers its service in this District. VUDU's service allows users to download and view feature length films like *Europa Report* before the films are publicly available to view in movie theaters or on DVD. As will be described below, these patent-infringement claims arise directly from VUDU's and Magnolia's continuous and systematic activity in this District. This Court's exercise of jurisdiction over VUDU and Magnolia would thus be consistent with California law and traditional notions of fair play and substantial justice.

4.     Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

## PARTIES

*Plaintiff*

5.     Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6.     VUDU is a corporation organized under the laws of Delaware. VUDU's headquarters are located in Santa Clara, California. Among other things, VUDU operates a website that allows consumers to view feature-length films on their mobile devices before the films are released in theaters.

7.     Magnolia is a limited liability company organized under the laws of Texas.

Complaint for Patent Infringement

2

Magnolia's headquarters are located in New York, New York.  Among other things, Magnolia distributes movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters.

### FACTUAL BACKGROUND

8.      Red Pine owns United States Patent 8,521,601 (the "'601 patent").

9.      The field of the invention of the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

10.      This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *Europa Report* is not the same as the target audience of *Avatar* or *Titanic*.

11.     The '601 invention provides a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *Europa Report* to hand-held devices before *Europa Report* is publicly available for viewing in theaters or on DVD.

### CLAIM ALLEGED

*Count 1: Direct Infringement Against VUDU*

12.      Red Pine repeats the allegations of paragraphs 1 through 11 of this Complaint as though fully alleged herein.

13.      Red Pine is the exclusive owner of the '601 patent, which is attached as

Complaint for Patent Infringement                    3

Exhibit 1.

14.    The '601 patent is valid and enforceable.

15.    VUDU directly infringes claims of the '601 patent. VUDU makes, uses, sells, and offers for sale products, methods, and services that practice claims 1 and 4 of the '601 patent.

16.    For example, and without limiting the '601 patent claims that will be asserted in this action or the VUDU services accused of infringing the '601 patent claims, the distribution of *Europa Report* infringes claim 1 of the '601 patent.

17.    Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." VUDU advertised *Europa Report* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

18.    The method of claim 1 involves displaying a movie trailer for the FLM. VUDU displayed a movie trailer for *Europa Report*.

19.    When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." VUDU sold *Europa Report* for purchase before *Europa Report* was in the theaters and before *Europa Report* was publicly available on DVD.

20.    The claim 1 method involves wirelessly transmitting and downloading of the FLM. VUDU did this with respect to sales and rentals of *Europa Report*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times decided by the individuals viewing the FLM with the times being before the FLM is publicly

Complaint for Patent Infringement

4

available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

21.     VUDU practiced the remaining steps of claim 1 because *Europa Report* was distributed to movie theaters and is greater than sixty minutes long.

*Count 2: Infringement by Inducement Against Magnolia*

22.     Magnolia has knowledge of '601 patent and nonetheless actively induces VUDU to directly infringe the '601 patent.

23.     Magnolia's knowledge of the '601 patent is based on, among other things, Red Pine notifying Magnolia of the '601 patent no later than February 11, 2014 and specifically describing how Magnolia's distribution infringed the '601 patent.  Notwithstanding this knowledge, Magnolia specifically intends that VUDU infringe the '601 patent and Magnolia knows that VUDU's acts constitute infringement.

24.     Magnolia has a contractual relationship with VUDU. According to this relationship, VUDU is directly infringing claims of the '601 patent. Magnolia induces each of these infringements.

**<u>JURY DEMAND</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

/ / / /

1

## REQUEST FOR RELIEF

2

      WHEREFORE, Red Pine prays for the following relief against VUDU and Magnolia:

3

4

    (A)    Judgment that VUDU has directly infringed claims of the '601 patent claims;

5

    (B)    Judgment that Magnolia has induced the direct infringement of the '601

6

patent claims.

7

    (C)    For a reasonable royalty;

8

    (D)    For pre-judgment interest and post-judgment interest at the maximum rate

9

allowed by law; and

10

    (E)    For such other and further relief as the Court may deem just and proper.

11

12

13

Date:  October 27, 2014              Respectfully submitted,

14

                         */s/  Todd C. Atkins*

15

                         Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com

16

                         Sɪᴘʀᴜᴛ PC
701 B Street, Suite 1170

17

                         San Diego, CA 92101
619-255-2380

18

19

                         Joseph J. Siprut (*pro hac vice* pending)
jsiprut@siprut.com

20

                         Sɪᴘʀᴜᴛ PC
17 North State Street, Suite 1600

21

                         Chicago, Illinois 60602
312.236.0000

22

23

24

25

26

27

28

Complaint for Patent Infringement

6